IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM STEPHEN LUSH, II,

                                                      ORDER

            Plaintiff,

                                                   10-cv-63-slc[1]

    v.

PORTIA JONES and the INTERNAL
REVENUE SERVICE,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 12, 2010, I denied the request of plaintiff William Stephen Lush, II for leave to proceed in forma pauperis on a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that defendant Portia Jones terminated him from his federal employment with defendant Internal Revenue Service in Chamblee, Georgia without due process. Dkt. #4. Now before the court is plaintiff's motion to reconsider that decision. Dkt. #6.

Plaintiff's motion will be denied because he has not shown that this court relied on a manifest error of law or fact in dismissing his complaint. As I explained in the dismissal

---

[1] For the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

order, plaintiff has remedies available under the Civil Service Reform Act, 5 U.S.C. § 1221, which provides a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions," Ayrault v. Pena, 60 F.3d 346, 347 (7th Cir. 1995). In his motion, plaintiff asserts that he has exhausted his administrative remedies before the merit systems protection board. However, unlike other federal laws with which plaintiff may be familiar, the Civil Service Reform Act does not contain exhaustion requirements. Instead, it precludes federal courts from hearing suits related to federal personnel actions altogether. "By creating the CSRA, Congress implicitly repealed the jurisdiction of federal district courts over personnel actions arising out of federal employment." Id. (citing Paige v. Cisneros, 91 F.3d 40, 43 (7th Cir. 1996)); see also Richards, 461 F.3d at 883; Robbins v. Bentsen, 41 F.3d 1195, 1201 (7th Cir. 1994) (Internal Revenue Service employee could not bring Fifth Amendment due process claim pursuant to Bivens because Civil Service Reform Act provided adequate remedial scheme). Plaintiff may not proceed on a Bivens claim because this court does not have the authority to grant the relief that plaintiff seeks.

ORDER

IT IS ORDERED that plaintiff William Steven Lush's motion for reconsideration is

DENIED.

Entered this 1st day of July, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge